UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, By and Through Its Board of Trustees; <br><br> and <br><br> CENTRAL LABORERS' ANNUITY FUND, By and Through Its Board of Trustees; <br><br> and <br><br> NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP AND TRAINING PROGRAM, NORTH CENTRAL ILLINOIS LABORERS' EMPLOYERS' COOPERATION & EDUCATION TRUST, MIDWEST REGION FOR FAIR CONTRACTING, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, NORTH CENTRAL LABORER'S POLITICAL LEAGUE, NORTH CENTRAL ILLINOIS LABORERS' MARKET PRESERVATION FUND, LABORERS' OF ILLINOIS VACATION FUND, and NORTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL WORK DUES, <br><br> Plaintiffs, <br><br> v. <br><br> GRONEMEIER CONCRETE CUTTING, INC. and CATHERINE GRONEMEIER, <br><br> Defendants. | Cause No.  19-3235 |

# COMPLAINT

COME NOW Plaintiffs Central Laborers' Pension Fund; Central Laborers' Annuity Fund; and North Central Illinois Laborers' Health & Welfare Fund, Illinois Laborers' & Contractors Joint Apprenticeship and Training Program, North Central Illinois Laborers' Employers' Cooperation & Education Trust, Midwest Region For Fair Contracting, Central Illinois Builders Industry Advancement Fund, North Central Laborer's Political League, North Central Illinois Laborers' Market Preservation Fund, Laborers' of Illinois Vacation Fund, and North Central Illinois Laborers' District Council Work Dues, by and through undersigned Counsel, and state as follows for their Complaint against Defendant Gronemeier Concrete Cutting, Inc.:

## Parties

1. Plaintiff Central Laborers' Pension Fund ("Pension Fund") is an "employee pension benefit plan" within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). Pension Fund is a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35). Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

2. Plaintiff Central Laborers' Annuity Fund ("Annuity Fund") is a "pension plan" within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A). Retirement Savings Fund is a "defined contribution plan" within the meaning of § 3(34) of ERISA, 29 U.S.C. § 1002(34). Annuity Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3. Pension Fund and Annuity Fund are the designated collection agents on behalf of North Central Illinois Laborers' Health & Welfare Fund, Illinois Laborers' & Contractors Joint Apprenticeship and Training Program, North Central Illinois Laborers' Employers' Cooperation & Education Trust, Midwest Region For Fair Contracting, Central Illinois Builders Industry Advancement Fund, North Central Laborer's Political League, North Central Illinois Laborers' Market Preservation Fund, Laborers' of Illinois Vacation Fund, and North Central Illinois Laborers' District Council Work Dues, which are ERISA funds, collectively-bargained funds, dues check-off contributions and wage deductions.

4. Together, the foregoing Plaintiffs shall be referred to as "Plaintiff Funds."

5. Contributions to Plaintiff Funds are received and processed at the offices of the Pension Fund, Welfare Fund and Annuity Funds in Jacksonville, Morgan County, Illinois

6. Defendant Gronemeier Concrete Cutting, Inc. ("Gronemeier Concrete") is an Illinois general business corporation maintaining its principal place of business in Bloomington, McLean County, Illinois.

7. Gronemeier Concrete is, was and at all relevant times has been, an "employer" in an "industry affecting commerce" within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and is an "employer" in an industry "affecting commerce" within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

8. Defendant Catherine Gronemeier ("Catherine Gronemeier") is a natural person residing in or about Bloomington, McLean County, Illinois.

9. Catherine Gronemeier is President and owner of Gronemeier Concrete.

**Jurisdiction and Venue**

10. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c). This Court has jurisdiction over supplemental State law claims pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Gronemeier Concrete and Catherine Gronemeier pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a) and generally pursuant to Rule 4 of the Federal Rules of Civil Procedure.

12. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1391 et seq.

**Facts Common to All Counts**

13. Gronemeier Concrete is, was, and at all times relevant to this Complaint has been signatory to one or more collective bargaining agreements ("CBA's") with one or more local union(s) affiliated with the Laborers International Union of North America ("LiUNA"), in and around Bloomington, Illinois.

14. Gronemeier Concrete is, was, and at all times relevant to this Complaint has been signatory to one or more Participation Agreements ("Participation Agreement(s)") with the Pension Fund, Welfare Fund, Annuity Fund and Training Trust Fund. *See*, **Exhibit A**.

15. Page 1 of **Exhibit A**, a Participation Agreement signed on behalf of Gronemeier Concrete on or about July 27, 1987, provides the Participation Agreement represents:

> …the detailed written agreement required by the Labor-Management Relations Act to permit the Central Laborers Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Trust Fund and

such other Funds or Plans listed below to receive contributions from said Employer on behalf of employees employed by said Employer within the jurisdiction of said Funds and Plans.

16. Page 2 of **Exhibit A**, a Participation Agreement signed on behalf of Gronemeier Concrete on or about November 29, 1993, provides the Participation Agreement represents:

> …the detailed written Agreement required by the Labor-Management Relations Act (29 U.S.C. Section 186(c)) to permit the Funds to receive contributions from said Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

17. Page 3 of **Exhibit A**, a Participation Agreement signed on behalf of Gronemeier Concrete on or about November 29, 1993, provides the Participation Agreement represents:

> …the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186(c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

18. Page 4 of **Exhibit A**, a Participation Agreement signed on behalf of Gronemeier Concrete on or about November 29, 1993, provides the Participation Agreement represents:

> …the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186(c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

19. Pursuant to each of the Participation Agreements, Gronemeier Concrete agreed to be bound by the Trust Documents establishing Plaintiff Funds and any policies and procedures adopted by Plaintiff Funds' Trustees.

20. Gronemeier Concrete employs, and/or has employed, individuals who are members of, and/or represented by, local union affiliates of LiUNA in and around, but not limited to, Bloomington, Illinois.

21.     Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, as well as the CBA's and/or Participation Agreements, Declarations of Trust establishing Plaintiff Funds and CBA's, Gronemeier Concrete is required to pay contributions to Plaintiff Funds in accordance with the terms and conditions of the CBA's, Trust Agreements, Participation Agreements and CBA's.

22.     Pursuant to the CBA's and/or Participation Agreements and Declarations of Trust establishing Plaintiff Funds, as well as the policies adopted by the Trustees of Plaintiff Funds, Gronemeier Concrete is required to report hours worked by its employees and make prompt payment of required contributions, including wage deductions for collectively-bargained dues and/or working assessments.

23.     The Pension Fund, Welfare Fund and Annuity Fund act as designated collection agents for the receipt and processing of all contributions required by the Participation Agreements.

24.     Gronemeier Concrete is required to submit reports, along with payment of necessary contributions, by the 15th of each month related to hours worked and wages paid during the previous month.

25.     ERISA, the CBA's, and/or Declarations of Trust adopted by the Trustees of Plaintiff Funds and to which Gronemeier Concrete is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

26.     ERISA, the CBA's, and/or Participation Agreements and Declarations of Trust establishing Plaintiff Funds, as well as the policies adopted by the Trustees of Plaintiff Funds, specifically authorize the Trustees to conduct audits of contributing employers.

27. Plaintiff Funds audited Gronemeier Concrete for various time periods, resulting in liability being found due to Plaintiff Funds.

28. Gronemeier Concrete has further failed to submit all required reports, or payment of contributions.

29. Gronemeier Concrete is, therefore, considered delinquent to Plaintiff Funds.

30. Gronemeier Concrete is liable to Plaintiff Funds for all contributions due, whether determined by audit, or otherwise; Liquidated Damages; interest; audit costs; and attorneys' fees and costs.

31. Gronemeier Concrete and Catherine Gronemeier, jointly and severally as Obligor, entered into a *Judgment Note* the Plaintiff Funds related to said a portion of said delinquency.

32. Some but not all payments were made pursuant to the *Judgment Note*.

33. Gronemeier Concrete and Catherine Gronemeier have breached the *Judgment Note*.

34. Plaintiff Funds have a right to recovery of all amounts due, whether included in the breached *Judgment Note*, or otherwise, as well as Liquidated Damages, interest, audit costs and attorneys' fees and costs.

## COUNT I

## ENFORCEMENT OF JUDGMENT NOTE

## (AGAINST ALL DEFENDANTS)

COME NOW Plaintiffs Central Laborers' Pension Fund; Central Laborers' Annuity Fund; and North Central Illinois Laborers' Health & Welfare Fund, Illinois Laborers' & Contractors Joint Apprenticeship and Training Program, North Central Illinois Laborers' Employers' Cooperation & Education Trust, Midwest Region For Fair Contracting, Central Illinois Builders Industry

Advancement Fund, North Central Laborer's Political League, North Central Illinois Laborers' Market Preservation Fund, Laborers' of Illinois Vacation Fund, and North Central Illinois Laborers' District Council Work Dues, by undersigned Counsel, and state as follows for Count I of their Complaint against Defendant Gronemeier Concrete, Inc.:

35. Plaintiff Funds restate and reincorporate paragraphs 1 through 34 of their Complaint, as if fully set forth herein.

36. Gronemeier Concrete and Catherine Gronemeier, jointly and severally as Obligor, entered into a *Judgment Note* with Plaintiff Funds calling for payment of a certain portion of the delinquency generally described above. *See*, **Exhibit B**.

37. Gronemeier Concrete Cutting and Catherine Gronemeier made some, but not all payments required by the Promissory Note.

38. Gronemeier Concrete and Catherine Gronemeier breached the *Judgment Note* by failing to make all payments required by the *Judgment Note* and by incurring additional delinquencies to Plaintiff Funds.

39. Demand has been made upon Gronemeier Concrete and Catherine Gronemeier to pay the amounts due. *See*, **Exhibit C**.

40. Gronemeier Concrete and Catherine Gronemeier have failed and refused to pay.

41. As of the date of this Complaint, Gronemeier Concrete and Catherine Gronemeier owe Plaintiff Funds $147,537.49 pursuant to the Promissory Note. *See*, **Exhibit C**, page 2.

42. Plaintiff Funds are entitled to enforce the Promissory Note and to recover all outstanding amounts due.

43. Pursuant to the *Judgment Note*, Plaintiff Funds are entitled to an award of their attorneys' fees and costs.

44. As a result of Gronemeier Concrete's actions and inactions, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiff Funds respectfully pray that the Court:

    a. Enter Judgment for Plaintiff Funds and against Defendants Gronemeier Concrete Cutting, Inc. and Catherine Gronemeier, jointly and severally;

    b. Enter an Order that Gronemeier Concrete Cutting and Catherine Gronemeier breached the Promissory Note;

    c. Enter an Order awarding Plaintiff Funds $147,537.49 for unpaid amounts due pursuant to the *Judgment Note*;

    d. Enter an Order awarding Plaintiff Funds their attorneys' fees and cost in an amount to be proven at trial; and

    e. Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II
## COLLECTION OF DELINQUENT FRINGE BENEFIT CONTRIBUTIONS
## (AGAINST GRONEMEIER CONCRETE CUTTING, INC.)

COME NOW Plaintiffs Central Laborers' Pension Fund; Central Laborers' Annuity Fund; and North Central Illinois Laborers' Health & Welfare Fund, Illinois Laborers' & Contractors Joint Apprenticeship and Training Program, North Central Illinois Laborers' Employers' Cooperation & Education Trust, Midwest Region For Fair Contracting, Central Illinois Builders Industry Advancement Fund, North Central Laborer's Political League, North Central Illinois Laborers' Market Preservation Fund, Laborers' of Illinois Vacation Fund, and North Central Illinois Laborers' District Council Work Dues, by undersigned Counsel, and state as follows for Count I of their Complaint against Defendant Gronemeier Concrete, Inc.:

44. Plaintiff Funds restate and reincorporate paragraphs 1 through 34 and 35 through 43 of Count I of their Complaint, as if fully set forth herein.

45. Pursuant to the *Judgment Note*, **Exhibit B**, in the event of breach of the *Judgment Note*, Plaintiff Funds reserved the right to sue pursuant to ERISA.

46. As pled in Count I, Gronemeier Concrete Cutting breached the Promissory Note.

47. In addition, based upon previous audits, remittance reports submitted without payment and unpaid amounts due pursuant to the *Judgment Note*, **Exhibit B**, Gronemeier Concrete became liable to Plaintiff Funds for delinquent fringe benefit contributions in the amount of at least $514,672.94 ("Delinquency"). *See*, **Exhibit C**, page 2.

48. Pursuant to the CBA's, and/or Trust Documents adopted by the Trustees of Plaintiff Funds and to which Gronemeier Concrete is bound and required to comply, as a result of the Delinquency, Gronemeier Concrete is liable to Plaintiff Funds for Liquidated Damages in the amount of at least $53,573.87. *See*, **Exhibit C**, page 2.

49. Pursuant to the CBA's, and/or Trust Documents adopted by the Trustees of Plaintiff Funds and to which Gronemeier Concrete is bound and required to comply, Gronemeier Concrete is liable to Plaintiff Funds for audit costs of $4,456.95. *See*, **Exhibit C**, page 2.

50. Subject to payments received, Gronemeier Concrete remains liable to Plaintiff Funds in the amount of $272,840.92 in addition to the amounts sought in Count I for breach of the Promissory Note. *See*, **Exhibit C**, page 2.

51. In total, Gronemeier Concrete Cutting is liable to Plaintiff Funds in the amount of at least $431,418.44. *See*, **Exhibit C**, page 2.

52. Demand was made upon Gronemeier Concrete to pay the amounts due, but Gronemeier Concrete has failed and refused to pay.

53. In addition, Gronemeier Concrete is believed not to have fully reported, or paid all required fringe benefit contributions. As such, Plaintiff Funds do not know and cannot know the full amount of contributions, Liquidated Damages, interest and other amounts that may be due.

54. Plaintiff Funds lack an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Gronemeier Concrete is ordered to comply with its contractual obligations and to submit outstanding remittance reports and payment of required contributions.

55. Plaintiff Funds are entitled to an Order that Gronemeier Concrete submit all outstanding remittance reports.

56. Plaintiff Funds are entitled to an award of all contributions due, as well as Liquidated Damages and interest.

57. Plaintiff Funds are entitled to an award of audit costs.

58. Plaintiff Funds are entitled to an award of attorneys' fees and costs.

59. As a result of Gronemeier Concrete's actions and inactions, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiff Funds respectfully pray that the Court:

  a. Enter Judgment for Plaintiff Funds and against Defendant Gronemeier Concrete Cutting, Inc.;

  b. Enter Orders for temporary, preliminary and permanent injunctive relief that Gronemeier Concrete submit all outstanding remittance reports;

  c. Enter an Order awarding Plaintiff Funds delinquent contributions, Liquidated Damages and audit costs in the net amount of at least $431,418.44, or a different and greater amount to be proven at trial;

d. Enter an Order awarding Plaintiff Funds appropriate pre- and post-judgment interest;

e. Enter an Order awarding Plaintiff Funds audit costs in an amount to be proven at trial;

f. Enter an Order awarding Plaintiff Funds their attorneys' fees and costs in an amount to be proven at trial; and

g. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

Cavanagh & O'Hara LLP

 /s/  James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs